## SCOTT v. WHITE EAGLE OIL & REFINING CO.

### No. 3244.

District Court, D. Kansas, First Division.

Feb. 3, 1930.

J. H. Brady, of Kansas City, Kan., for plaintiff.

A. L. Berger, of Kansas City, Kan., for defendant.

POLLOCK, District Judge.

On the record in this case, the parties have requested a decision of certain questions of law before entering upon the trial of the case. The principal question of law thus presented is this: By what law are the rights of the parties in this case to be determined under the peculiar facts of this case?

The facts are: The plaintiff at the time of the injury to him was in the employ of the defendant on a salary or wage of $100 per month. This contract was entered into in the state of Missouri, and was continued for the period of a year. At the time this contract was entered upon, that state had a Workmen's Compensation Law (Laws Mo. 1927, p. 490). The injury to the plaintiff occurred while he was working for defendant under this contract of employment in the state of Kansas. At this time the state of Kansas also had in force a Workmen's Compensation Law. The action as brought in this case would seem from a reading of the petition filed in the state court from which a removal was taken into this court to be in form and legal intent a common-law action for damages for negligence of defendant causing the injury to plaintiff of which he complains.

The questions presented now for determination are these:

(1) Had the plaintiff at the time the injury to him incurred any right of action against defendant to recover for its negligence even if such negligence was the direct and proximate cause of his injury; (2) if the Compensation Law of the state of either Missouri or of this state of Kansas had taken away his right to resort to the common law because the Compensation Law under which he was working was exclusive in character, it is then quite clear he had and has no remedy at the common law; (3) if plaintiff is bound by contract to recover his damages under the Workmen's Compensation Law of either the state of Missouri or the state of Kansas, the question arises, under the law of which state does a right of recovery arise, that of the place of the contract or that of the place of the injury?

Coming now to a determination of these questions, it may be said: The Workmen's Compensation Act of Missouri (Laws 1927, p. 492) where the contract of employment was made, provides, as follows: "Sec. 2. Every employer and every employee * * * shall be conclusively presumed to have elected to accept the provisions of this act * * * unless prior to the accident he shall have filed with the commission a written notice that he elects to reject this act."

Paragraph b of section 12 of the Compensation Law of Missouri provides as follows: "This act shall apply to all injuries received in this state, regardless of where the contract of employment was made, and also to all injuries received outside of this state under contract of employment made in this state, unless the contract of employment in any case shall otherwise provide."

From the above excerpts it is readily seen the Workmen's Compensation Law of the state of Missouri enters into and forms a part of every contract of employment made in that state, and entitles a workman under its terms to recover for an injury received even within or without the state. Such a contract it has been many times held goes with the workman wherever he goes. See Crane v. Leonard, Crossette & Riley, 214 Mich. 218, 183 N. W. 204, 18 A. L. R. 285; Grinnell v. Wilkinson, 39 R. I. 447, 98 A. 103, L. R. A. 1917B, 767, Ann. Cas. 1918B, 618; State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 8 S.W.(2d) 897, cited from American Law Reports Annotated, vol. 59, page 737; Smith v. Van Noy Interstate Co., 150 Tenn. 25, 262 S. W. 1048, 35 A. L. R. 1409.

■ This being true as I conceive the law to be, plaintiff's right of action for compensation is in legal effect an action for the breach of his contract of employment with defendant as made, and is enforceable in any jurisdiction in which the plaintiff may acquire jurisdiction of the person of defendant, and the compensation assessed in such a case is assessed under the provisions of the law of the state of the contract. All a party in such case is required to do is to bring his action and show, under his contract of employment, he received an injury and that he has complied with all the conditions precedent on his part to be complied with to avail himself of the protection of the law. It is thus seen the law of the place of contract governs the rights of the parties in this case for that they are bound by the terms of the contract. As further seen, this law is in its terms exclusive. It is contractual and may be enforced by plaintiff on performance of its conditions precedent to be performed in any court in which he may obtain jurisdiction over the person of the defendant.

This renders it clear plaintiff had at the time of his injury and at the time this action was brought no common-law right of action remaining which he can enforce as against the contract which he entered into.