## Cipolla v. Shaposka, Jr.

*Charles C. Keeler*, for plaintiff.
*Harry J. Bradley*, for defendant.

DIGGINS, J., April 7, 1969.—This action was instituted by the parents and natural guardians of Michael F. Cipolla, a minor, against defendant, John Shaposka, Jr., as a result of an accident which transpired on January 24, 1966, at approximately 7:50 p. m. The accident occurred on Naamans Road on the outskirts of Wilmington, New Castle County, Delaware. At that time, defendant, a resident of the State of Delaware, was operating a 1955 Buick in which minor plaintiff, a resident of Pennsylvania, was a passenger and, by virtue of the accident, allegedly sustained personal injuries. Defendant filed preliminary objections in the nature of a demurrer contending that under the applicable statutory provisions of the State of Delaware, specifically the "Guest Statute," plaintiffs are precluded from recovery. Defendant's preliminary objections also averred lack of jurisdiction; however, defendant does not press this

issue. Thereafter, depositions of both minor plaintiff and defendant were taken. Presently, defendant requests the court to consider his demurrer in the nature of a motion for summary judgment in accordance with Pennsylvania Rule of Civil Procedure 1035. Plaintiffs have agreed to this procedure thereby permitting us to consider the pleadings, depositions and an affidavit filed by plaintiffs in disposing of the issue here presented.

The depositions taken of minor plaintiff and defendant indicate that these parties were schoolmates at the Brown Technical School in Wilmington, Delaware. On the day in question, after school had ended, minor plaintiff and defendant went bowling at the Center City Lanes in Wilmington, Delaware, with another schoolmate. At all times herein pertinent, defendant was operating a 1955 Buick registered in the name of his father. After bowling, defendant, minor plaintiff, and the classmate drove to the latter's home, same being located in Claymont, Delaware. Thereafter, defendant and minor plaintiff left the classmate's home intending to proceed to the home of minor plaintiff in Chadds Ford, Pa., for the purposes of taking minor plaintiff there and of allowing defendant to pick up some tools which defendant had previously lent to minor plaintiff. The subject accident occurred while the parties were proceeding to minor plaintiff's home on Naaman's Road on the outskirts of Wilmington, Delaware and in the State of Delaware.

The depositions further indicate that defendant resides in Elsmere, Delaware, and that the subject vehicle was registered in Delaware in the name of defendant's father who also is a citizen and resident of the State of Delaware. The record discloses that it had snowed prior to the date of the accident and that at the time of the accident there were accumulations of

snow on both sides of the road toward the shoulder; the subject roadway was clear with the exception of a limited number of ice patches. Although minor plaintiff could not state defendant's speed, defendant testified that he was travelling at 35-40 miles per hour in a 45 mile per hour zone. Moreover, minor plaintiff stated that defendant was driving in a normal fashion. The testimony indicates that defendant's vehicle struck a patch of ice and, despite efforts to control the vehicle, swerved into a vehicle heading in the opposite direction. Shortly thereafter, minor plaintiff was taken to the Wilmington Hospital. Minor plaintiff's parents are residents of Chadds Ford, Pa., and the liability insurance carrier for defendant's vehicle is Allstate Insurance Company of Valley Forge, Pa.

Title 21 of the Delaware Code, annotated, sec. 6101 (2), provides as follows:

"No person transported by the owner or operator of a motor vehicle . . . as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator or was caused by his willful or wanton disregard of the rights of others."

Plaintiffs apparently concede that defendant was guilty only of ordinary negligence; plaintiffs do not contend, in their brief, nor did they contend at argument, that defendant was guilty of intentional misconduct or willful or wanton misconduct. Nor does the record support either of the latter types of misconduct. Accordingly, for our purposes, we shall assume that defendant was guilty of negligence but not guilty of intentional, willful or wanton misconduct. Of course, this assumption is not intended to adjudicate

the factual question pertaining to the presence or absence of negligence.

The precise issue to be resolved is whether, under the facts and circumstances here present, the law of Delaware is to be applied, in which event plaintiffs would be precluded from recovery, or whether the law of Pennsylvania is to be applied, in which event the cause would proceed to trial and judgment. It is our considered judgment that the law of Delaware should be applied to the facts and circumstances present in the instant case, and thus that the motion for summary judgment should be granted. We are not unmindful of the principle that summary judgment can be entered only in clear cases; however, we deem the instant case to be of that type.

Until more recently, the traditional rule of lex loci delicti was rather uniformly followed throughout the country. Such was the rule in Pennsylvania, viz., that the law of the place of the wrong determined the rights and liabilities of the parties. See, inter alia, Mike v. Lian, 322 Pa. 353, and Bednarowicz v. Vetrone, 400 Pa. 385. However, the traditional concepts of the law in this area have been the subject of modification and change such that other jurisdictions have abandoned or replaced the former rigid concepts with other or more flexible rules and standards. See, inter alia, Babcock v. Jackson, 12 N. Y. 2d 473, 191 N. E. 2d 279; Auten v. Auten, 308 N. Y. 155, 124 N. E. 2d 99; Hopkins v. Lockheed Aircraft Corporation, Supreme Court of Florida, 201 So. 2d 743; Wilcox v. Wilcox, 26 Wis. 2d 617, 133 N. W. 2d 408; Johnson v. Johnson, 107 N. H. 30, 216 A. 2d 781; Mellk v. Sarahson, 49 N. J. 226, 229 A. 2d 625; Clark v. Clark, 107 N. H. 351, 222 A. 2d 205; and Schneider v. Nichols, 280 Minn. 139, 158 N. W. 2d 254.

Nor has Pennsylvania been spared from the tides of change. In Griffith v. United Air Lines, Inc., 416 Pa. 1, the Supreme Court of Pennsylvania, after exhaustively reviewing the leading authorities and cases, concluded that the strict lex loci delicti rule should be abandoned in Pennsylvania in favor of a rule which permits analysis of the policies and interests underlying the particular issue before the court. The court stated, at pages 21-2:

"As said in Babcock v. Jackson, supra, 12 N. Y. 2d at 481-82, 191 N. E. 2d at 283, 240 N. Y. S. 2d at 749: 'The merit of such a rule is that "it gives to the place 'having the most interest in the problem' paramount control over the legal issues arising out of a particular factual context" and thereby allows the forum to apply "the policy of the jurisdiction 'most intimately concerned with the outcome of [the] particular litigation.' " ' " (Auten v. Auten, 308 N. Y. 155, 161, supra.)

In Griffith, supra, a Pennsylvania domiciliary purchased a ticket, in Philadelphia, for a flight from Philadelphia to Phoenix, Arizona, and return. In the course of landing at Denver, Colorado, a scheduled stop, the plane crashed causing immediate death to the Pennsylvania domiciliary. In applying the new rule to the facts, the court noted, inter alia, that: (1.) Colorado had little interest in the measure of damages to be collected; (2.) defendant did not act, with reasonable certainty, on Colorado's statute limiting damages; (3.) Colorado had no interest in continuing medical treatment since death was immediate; (4.) the site of the accident was purely fortuitous; (5.) defendant was not domiciled in Colorado; (6.) Pennsylvania's interest in the amount of recovery was substantial, being concerned with the well being of the surviving dependents to the extent of granting a full recovery; and (7.) the relationship between de-

cedent and defendant was entered into in Pennsylvania. Under these circumstances, the court applied the law of Pennsylvania on the issue of damages rather than the law of Colorado which limited damages.

Griffith was followed by McSwain v. McSwain, 420 Pa. 86, Elston v. Industrial Lift Truck Co., 420 Pa. 97, and Kuchinic v. McCrory, 422 Pa. 620. In McSwain, supra, a wife sued her husband for the wrongful death of their infant daughter resulting from an auto accident which occurred in Colorado. Here, the court applied the law of Pennsylvania, which prohibited the action, and not the law of Colorado, which would have permitted the action. The court's decision was based on an analysis of intramarital immunity and concluded that the effect of the litigation on the marital relations of the parties was a matter of concern primarily to Pennsylvania and that any interests Colorado might have in the litigation would not be disserved by the application of the Pennsylvania rule. Elston, supra, concerned an action for injuries sustained in a New Jersey plant by plaintiff, a Pennsylvania domiciliary, while operating a fork lift truck sold to his New Jersey employer by the defendant, a Pennsylvania corporation. Plaintiff received benefits under the New Jersey Workmen's Compensation Act and thereafter commenced a Pennsylvania action against the supplier of the fork lift who, in turn, sought to join plaintiff's New Jersey employer to obtain contribution. Pennsylvania law permitted the joinder; New Jersey law prohibited the joinder. In applying the law of New Jersey, the court reasoned that the New Jersey workmen's compensation program was most significantly concerned with the litigation and that the defendant, having elected to transact business in New Jersey which prohibited joinder for contribution, was bound by that determination. In

Kuchinic, supra, a pilot and three passengers were killed as a result of a private airplane crash in Georgia. At the time of the crash, the plane was en route to Pittsburgh from Miami where the four occupants, all personal friends and Pennsylvania residents, had gone to attend a football game. Georgia law embodied a "Guest Statute" similar to that present in the instant case which required "gross negligence" for recovery from the host; Pennsylvania required only simple negligence. In applying Pennsylvania law, the court stated, p. 624:

"Indeed when properly analyzed the present cases are a prime example of what has been characterized as a 'false conflict,' for under no stretch of the imagination can Georgia be viewed as a concerned jurisdiction. In passing its statute, Georgia undoubtedly intended either to protect insurance companies from collusive suits or to prevent ungrateful guests from suing their hosts; it most assuredly did not mean to encourage the exercise of less than due care by those who use its highways or airways. Georgia's only contact with the present case, as the situs of the accident, is wholly fortuitous, whereas Pennsylvania, as the place where the host-guest relationship was established, where it was intended to terminate, and as the domicile of all four of the aircraft's occupants, is the state with the most significant interest in defining the legal consequences attaching to the relationship here involved. See Griffith v. United Air Lines, supra."

See also Markiewicz v. Needham, 41 D. & C. 2d 18, and Grant v. Gibson, 42 D. & C. 2d 346.

Applying the aforesaid legal principles to the instant case, we are convinced that the law of Delaware should apply since Delaware has a more significant relationship with the occurrence (than Pennsylvania), has a greater interest in the matter at hand and, there-

fore, is most intimately concerned with the outcome of the litigation. Defendant is a Delaware citizen and resident; the auto is registered in the name of a Delaware citizen and resident; minor-plaintiff and defendant were fellow students at a Wilmington school; the parties bowled in Wilmington and then transported a fellow student to his home in Claymont, Delaware; the trip commenced in Delaware and was to terminate in Delaware, after taking minor plaintiff to his home in Pennsylvania and procuring tools; the accident transpired in Delaware; and minor plaintiff was hospitalized in Wilmington. The countervailing circumstances are insufficient, quantitatively and qualitatively, to require the application of Pennsylvania law. These are comprised of (1.) The residence of plaintiffs in Pennsylvania, (2.) transporting minor plaintiff to Pennsylvania and procuring tools, (3.) medical treatment in Pennsylvania rendered to minor plaintiff, and (4.) defendant's liability carrier has an office in Pennsylvania. Logically, the rates upon which the premium was based were fixed with a view toward meeting the company's potential obligations primarily under Delaware law. None of the authorities hereinabove referred to dictate the application of the law of this forum under the factual circumstances here present. To hold otherwise, in our opinion, would result in an extension of the doctrine set forth in Griffith, supra, and the decisions following Griffith; this we are without power to do.

Accordingly, we enter the following

## ORDER

And now, April 7, 1969, upon consideration of the entire record relative to the above captioned matter, and upon consideration of the briefs submitted on behalf of the respective parties, and after argument, it is ordered, adjudged and decreed that the demurrer

filed on behalf of the defendant, John Shaposka, Jr., same being considered by the court as a motion for summary judgment under Pa. R. C. P. 1035, be and the same is hereby sustained and the complaint filed on behalf of plaintiffs, Michael F. Cipolla, a minor, by his parents and guardians, John Cipolla and Anna Cipolla, and John Cipolla and Anna Cipolla, in their own right, be and the same is hereby dismissed.