Donald **GOODEMOTE**

v.

**MUSHROOM TRANSPORTATION COM-PANY, Inc.**

**Liberty Mutual Insurance Company, Intervenor, Appellant.**

**No. 18298.**

United States Court of Appeals, Third Circuit.

Argued April 10, 1970.

Decided May 27, 1970.

1. The Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365, 374, 375.

Edward W. Maderia, Jr., Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellant.

Lawrence E. Grant, Richter, Lord, Toll, Cavanaugh, McCarty & Raynes, Philadelphia, Pa. (B. Nathaniel Richter, Richter, Syken, Ross, Binder & O'Neill, Philadelphia, Pa., on the brief), for appellee.

Before SEITZ and ALDISERT, Circuit Judges, and LATCHUM, District Judge.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Plaintiff, a New York resident invoking diversity jurisdiction, sued Mushroom Transportation Corporation, Inc., a Pennsylvania corporation, in the district court for the Eastern District of Pennsylvania. He sought damages for injuries sustained in an accident which occurred in Pennsylvania during the course of his employment with a New York employer. During the trial the parties agreed to settle the case for $60,000.00. Conflicting claims having been asserted to a portion of the settlement fund, the entire fund was ordered paid into court. All but $7,293.61 was subsequently distributed by the court, and the propriety of that distribution is not challenged. Claims to the remaining funds were asserted by the intervenor Liberty Mutual Insurance Company (Liberty Mutual) and by plaintiff's attorney, B. Nathaniel Richter.

 Liberty Mutual, as compensation insurance carrier for plaintiff's employer, had paid plaintiff $7,293.61 in benefits under the New York Workmen's Compensation Law. It claimed that under the New York Compensation Law, when plaintiff settled with the alleged tortfeasor, the proceeds remaining after payment of the attorneys had to be devoted to full reimbursement of the compensation carrier. There is no question that Liberty Mutual's characterization of the New York Law is correct. N.Y. Workmen's Compensation Law § 29(1) (McKinney's 1965); Ocean SS Co. of Savannah v. Lumbermen's Mutual Casualty Co., 125 F.2d 925 (2d Cir. 1942).

Richter, on the other hand, contended in the district court that he personally was entitled to a fee from Liberty Mutual under Pennsylvania substantive law because he had created a fund for the benefit of the insurance carrier. He argued that since Liberty Mutual was entitled to reimbursement from plaintiff only because he, Richter, had recovered the $60,-000.00 in the tort action, he was entitled to an attorney's fee based on the same contingent fee percentage the plaintiff had agreed to. The precise issue as the district court conceived it was whether it should apply Pennsylvania law, which presumably would warrant an award to Richter, or New York law, which would allow Liberty Mutual's full claim without it bearing any part of the attorney's fee. The district court found that Pennsylvania's interests in the case were controlling, applied Pennsylvania substantive law and awarded Richter a fee.[1] This appeal by Liberty Mutual followed.

We emphasize that this matter was presented to and treated by the district court as a claim by Richter in his own right. Richter insists in his brief to this court that what is involved is the honoring of his fee arrangement with his client which must be resolved by reference to Pennsylvania law. It is clear, however, as his counsel agreed at oral argument, that regardless of the outcome of this appeal, Richter has received or will receive the entire fee due him under his agreement with plaintiff. His counsel also stated that Richter was not seeking

---

1. "It is further Directed that the Clerk of the Court distribute the fund of $7,017.61 as follows:
 "a. One third thereof totaling $2,339.20 is to be paid over to Richter, Lord, Toll, McCarty & Raynes.

 "b. The balance of said fund totaling $4,678.41 is to be paid over to the Liberty Mutual Company."
 Plaintiff has not challenged the distribution of $4,678.41 to Liberty Mutual.

compensation beyond that fee.[2] The reality then is that plaintiff rather than Richter is the real party in interest. So viewed, plaintiff through Richter is seeking reimbursement from Liberty Mutual for a portion of the fee which he is required to pay Richter for his services in obtaining the $60,000.00 settlement. The question on appeal, thus, is whether a district court order which in effect requires Liberty Mutual to share plaintiff's expenses in the tort action is correct?

█ Since the district court was sitting in a diversity action in Pennsylvania, it follows that it was required to apply the Pennsylvania choice of law rule. Would Pennsylvania apply New York law to the issue before us? We think the answer is suggested by the analysis found in Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318 (1966), although we recognize it is factually dissimilar. In that case the Pennsylvania Supreme Court was concerned with a Pennsylvania resident who had received benefits under the New Jersey workmen's compensation law as a result of injuries incurred in the course of his employment in New Jersey. Thereafter, in accordance with the New Jersey law, the plaintiff Elston brought suit against a third party in a Pennsylvania court seeking damages for the same injuries. The defendant tortfeasor sought to join Elston's employer so as to obtain contribution. The employer objected on the ground that no such claim could be asserted under New Jersey law. In contrast, Pennsylvania law permitted a limited form of contribution from a negligent statutory employer to a third party. With this choice of law issue before it, the Supreme Court of Pennsylvania said in substance that the answer was to be found not by the application of some mechanical rule but by an analysis and weighing of the interests of the states involved. After engaging in such an analy-

sis, the court concluded that New Jersey law was controlling under the circumstances because it was "the state whose workmen's compensation program is most significantly involved and the state, therefore, with the most significant interest in the application of its policies to the instant dispute." 216 A.2d at 324. It could find no competing values which would call for the application of Pennsylvania substantive law, even though the plaintiff was a Pennsylvania resident.

█ Adopting the *Elston* approach here, we can find no Pennsylvania policy which would justify the application of its law to this issue. On the contrary, we think all the relevant factors indicate the paramount nature of New York's interest. Plaintiff, rather than his counsel, is the real party in interest. He is a New York resident. His employment was covered by the New York Workmen's Compensation Law. Moreover, he elected to receive benefits under the New York law which explicitly requires him to bear all counsel fees when he pursues his remedies against third parties. N.Y.Workmen's Compensation Law § 29(1) (McKinney 1965). These facts compel the conclusion that the Pennsylvania courts would apply the New York law here.

█ Section 29(1) of the New York Workmen's Compensation Law provides that—to the extent of the compensation payments—the employee's recovery in the third party tort action is "deemed for the benefit of" the compensation carrier and the carrier is granted a statutory lien for that amounnt. We think a Pennsylvania court, in ordering distribution of the funds, would honor the priorities established by the New York law, at least in the present setting.

Thus, we conclude that under the law properly applicable to this issue, Liberty Mutual is entitled to the full $7,293.61.

---

2. It thus is clear that counsel is not the real party in interest because even by the provisions of the New York statute, his claim for counsel fees has priority over any claim by the insurance carrier. N. Y. Workmen's Compensation Law § 29.

The order of the district court dated September 24, 1969 will be reversed to the extent it authorizes payment to the claimant Richter and the case will be remanded to the district court with direction to enter an order in conformity with this opinion.