**1308**

Robert C. HAYNES

v.

ATLANTIC RICHFIELD COMPANY,
Defendant and Third-Party
Plaintiff,

v.

PAULSBORO CHEMICAL COMPANY,
Third-Party Defendant.

Civ. A. No. 69-2717.

United States District Court,
E. D. Pennsylvania.

May 3, 1971.

Thomas J. Corrigan, Jr., Yardley, Pa., for plaintiff.

Peter P. Liebert, 3rd, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for defendant and third-party plaintiff.

Curtis P. Cheyney, III, Swartz, Campbell & Detweiler, Philadelphia, Pa., for third-party defendant.

OPINION AND ORDER

HAROLD K. WOOD, District Judge.

This is a motion for summary judgment by third-party defendant Paulsboro Chemical Company, a New Jersey corporation. Plaintiff, an employee of Paulsboro, is a resident of New Jersey.[1]

On November 21, 1967, during the course of his employment with Paulsboro, plaintiff was injured while loading a truck on the premises of defendant Atlantic Richfield Company in Philadelphia. As a result of the accident, plaintiff became entitled to benefits under the New Jersey Compensation Act and was paid a total of $2,118.57 by Paulsboro's Workmen's Compensation insurance carrier. In addition, he instituted the present action against defendant Atlantic Richfield who subsequently joined Paulsboro as third-party defendant for contribution or indemnity.

Paulsboro alleges that under New Jersey law, which we are urged to apply to the instant case, when an employee entitled to workmen's compensation benefits pursues a common law action based upon negligence, the third party is barred from joining and claiming contribution or indemnity from the plaintiff's employer. Public Service Elec. & Gas Co. v. Waldroup, 38 N.J.Super. 419, 119 A.2d 172 (App.Div.1955). Under Pennsylvania law, however, an employer may be joined as a third-party defendant for contribution although the amount recoverable against him is limited to his liability under the Workmen's Compensation Act. Brown Equipment Rental Corp. v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959).

In determining which state's law is applicable to the issue before us, our determination should be that of the Pennsyl-

---

1. Plaintiff is presently employed by Olin-Mathison, successor to Paulsboro.

vania Supreme Court in a similar case. King v. Order of United Commercial Travelers of America, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948), Greene v. Basti, 391 F.2d 892 (3rd Cir. 1968). Therefore, applying Pennsylvania's choice of law rule, we conclude that New Jersey's workmen's compensation law is determinative of the issue before us and precludes the joinder of Paulsboro as third-party defendant.

In Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318 (1966), the Pennsylvania Supreme Court was faced with this precise issue, and applied New Jersey's compensation law in affirming the dismissal of a third-party complaint. The factual situation in Elston is dissimilar to the instant case in that there the plaintiff was a Pennsylvania resident injured in New Jersey whereas in this case plaintiff is a New Jersey resident who was injured in Pennsylvania. In both cases plaintiff's employer is a New Jersey corporation. These factual differences do not, however, compel a different result. In Elston, the Court eschewed "resort to a mechanical rule", and based its decision on the conclusion that New Jersey was:

"* * * the state whose workmen's compensation program is most significantly involved and the state, therefore, with the most significant interest in the application of its policies to the instant dispute." 420 Pa. at p. 111, 216 A.2d at p. 324.

Clearly, here, as in Elston we are confronted with the "crucial consideration that New Jersey has the paramount interest in the manner by which its workmen's compensation program will be administered." 420 Pa. at p. 108, 216 A.2d

at p. 323. It was on this ground that the Third Circuit in Goodemote v. Mushroom Transportation Company, 427 F.2d 285 (3rd Cir. 1970) found New York workmen's compensation law applicable, although on a different issue, where as here, the injury occurred in Pennsylvania and the plaintiff and his employer were from New York.

Atlantic Richfield also attempts to distinguish Elston on the ground that the third party action there was for contribution, whereas the third party action here is for contribution or indemnity. It is clear, however, that under New Jersey law an employer is equally as immune from third party actions for indemnity as from actions for contribution. Public Service Elec. & Gas Co. v. Waldroup, supra. Therefore, no distinction can be drawn under New Jersey law. Nor do we find any language in Elston that would indicate that, while Pennsylvania will apply New Jersey's bar to third party contribution actions it will decline to do so in indemnity actions. On the contrary, the considerations upon which Elston is based apply to either type of action.[2]

Finally, Atlantic Richfield contends that summary judgment should not be granted because there are material issues of fact in dispute. Atlantic Richfield disputes whether plaintiff was employed by Paulsboro at the time of the accident and whether Paulsboro's Workmen's Compensation Carrrier made payments to plaintiff. In the first instance we do not see how Atlantic Richfield can, on the one hand, join Paulsboro in this action on the basis that it was plaintiff's employer and, on the other hand, contend that it seriously disputes that Paulsboro was in

2. Even were Pennsylvania law applicable, there would be no basis for an action for indemnity. The right of indemnity "rests upon a difference between the primary and secondary liability of two persons" and "enures to a person who without active fault on his own part has been compelled by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily li-

able." Helz v. City of Pittsburgh, 387 Pa. 169, 127 A.2d 89 (1956); Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368 (1951). A judgment in this case, if against Atlantic Richfield, will not be based on that company's passive negligence as opposed to Paulsboro's active negligence. Accordingly, Atlantic Richfield would, under Pennsylvania law, be unable to bring an action for indemnity against Paulsboro.

fact his employer. At any rate the affidavits submitted by Paulsboro show beyond peradventure that plaintiff was employed by Paulsboro at the time of his accident and that Paulsboro, through its compensation carrier, paid benefits to plaintiff in accordance with his rights under the New Jersey Workmen's Compensation Act. Accordingly, as we find no material facts at issue, and it is clear that Paulsboro is entitled to judgment as a matter of law, the motion for summary judgment will be granted.