## McCracken v. McConnell

*Richard J. Audino* and *Edward M. Rea*, for plaintiff.

*Walter W. Braham, Chris J. Mitsos* and *Glenn McCracken, Jr.*, for defendant.

*Keller and Luxenberg*, for additional defendant.

HENDERSON, P. J., March 1, 1972.—This matter is before the court for a determination of the motion for summary judgment filed by defendant, Anos.

On April 13, 1969, an automobile collision occurred in Lawrence County, Pa., between an automobile operated by defendant, Anos, an Ohio resident, and an automobile operated by defendant, McConnell, a Pennsylvania resident. Plaintiff, an Ohio resident, was a passenger in the Anos car. Plaintiff filed suit in the Lawrence County courts against both defendants on the theory that plaintiff's injuries were caused by joint and concurrent negligence of defendants. The Ohio defendant then filed this motion for summary judgment.

The sole question to be determined is whether the Ohio guest statute should be applied by the Pennsylvania court. If the Ohio law applies, the suit against defendant, Anos, will be barred under the Ohio guest statute (O.R.C., §4515.02), which prohibits a guest from recovering for his host's negligence unless the host's conduct rises to the level of gross negligence. Since no averment of gross negligence is made in the case at bar, the statute, if applied, would bar the suit against Anos. Pennsylvania has not enacted a host-guest statute.

Since the Pennsylvania Supreme Court departed from the lex loci delicti rule, our courts have been put to the task in each case of determining which State has the greater interest in the application of its law. "The policies and interests underlying the particular issue before the court" must be analyzed: Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A. 2d 796 (1964). More is involved than "a mere counting of the contacts. The weight of a particular State's contacts must be measured on a qualitative rather than a quantita-

tive scale": Cipolla et al. v. Shaposka, 439 Pa. 563, 267 A. 2d 854 (1970).

In many cases, such an analysis of the conflicting laws will reveal that the application of the laws of one State would not further any policy of that State. Such a situation has been termed a false conflict: McSwain v. McSwain, 420 Pa. 86, 215 A. 2d 677 (1966); Kuchinic v. McCrory, 422 Pa. 620, 222 A. 2d 897 (1966). In Kuchinic v. McCrory it was held that Georgia's host-guest statute does not immunize a Pennsylvania defendant from suit by another Pennsylvania resident where the situs of the accident was Georgia. In this case, Mr. Justice Roberts reasoned that Georgia's host-guest statute was designed either to protect resident insurance companies in Georgia from collusive suits or to prevent ungrateful guests from suing their hosts, neither of which is relevant with regard to a Pennsylvania defendant being sued by a Pennsylvania plaintiff as a result of an accident which occurred in Georgia. The court stated that the statute was clearly not conduct related, i.e., it is not a means of encouraging the safe operation of motor vehicles on Georgia's highways. A motorist still would be liable to third-party suits, and this certainly would have no bearing on a driver's conduct as it related to his own safety. The situs of the accident was not a significant contact for choice of law purposes. It was deemed "wholly fortuitous" that Georgia was the situs of the accident. Numerous lower courts have applied these principles: Fay v. McFadden (No. 1), 52 D. & C. 2d 313 (1970); Golub v. McLaughlin, 51 D. & C. 2d 718 (1971); Strong v. Strong, September term, 1966, no. 179, in the Court of Common Pleas of Lawrence County, Pa.

None of these above-cited cases present a real conflict. In each case, one State's policy was furthered by

the application of its law while the other's concern was nominal. The situation is different when each jurisdiction has a valid competing interest.

The Cipolla case, supra, presented the court with a true conflict. There, plaintiff was a Pennsylvania passenger in an automobile driven by a Delaware domiciliary. The accident occurred in Delaware as the two parties proceeded towards a Pennsylvania destination. Delaware, as does Ohio in the present case, has a host-guest statute. Through the process of interest analysis, our court determined that Pennsylvania had an interest in seeing that the Pennsylvania plaintiff recovered for injuries incurred as a result of defendant's negligence. Delaware had an interest in that the host-guest statute was designed to protect domiciliaries of that State. In a proceeding in the Pennsylvania courts, the court held that Delaware's interest was the greater and that the law of Delaware should govern the case. It is interesting to note that, unlike the false conflicts cases, the situs of the accident was considered relevant. In that case, the court said:

"Also, it seems only fair to permit a defendant to rely on his home state's law when he is acting within that state.

" ' . . . By entering the state or nation the visitor has exposed himself to the risk of the territory and should not subject persons living there to a financial hazard that their law had not created.' . . .

"Inhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's law just because a visitor from a state offering higher protection decides to visit there. This is, of course, a highly territorial approach, but departures from the territorial view of torts ought not to be lightly undertaken' . . . The very use of the term true conflict implies that there

is no one correct answer but, as a general approach a territorial view seems preferable to a personal view."

This was the first time Pennsylvania courts recognized the territorial factor in a true conflicts case, although the result in one previous case was consistent with such an approach. See Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A. 2d 318 (1966).

In the case presently before this court, if we considered only the relationship between plaintiff-passenger from Ohio and the Ohio defendant-driver, we are presented with a false conflict case. Such case is identical in this regard to Strong v. Strong, supra. previously decided by this court. However, we believe that the presence of the Pennsylvania defendant and the Pennsylvania public policy distinguishes this case from Strong and the previous Pennsylvania cases.

If the motion for summary judgment is granted, the Pennsylvania defendant will be required to bear the full impact of any judgment which plaintiff might obtain. This is so not only because of the host-guest statute but also because the State of Ohio will not enforce contribution between joint tortfeasors: 11 Ohio Jur. 2d 577. Pennsylvania, on the other hand, strongly favors contribution (Act of July 19, 1951, P. L. 1130, sec. 1, et seq., 12 PS §2082, as amended), and extends its application even against such joint tortfeasors as otherwise would be immune from direct suit, because of such things as family relationship (Puller et al. v. Puller, 380 Pa. 219, 110 A. 2d 175 (1955)), or because of an employer-employe relationship, to the extent of the workmen's compensation coverage: Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc., 404 Pa. 53, 171 A. 2d 185 (1961). We take the position that this factor removes the case from the false conflict category.

When Pennsylvania abandoned the old lex loci delicti rule in Griffith, supra, the court said:

"We are of the opinion that the strict lex loci delicti rule should be abandoned in Pennsylvania in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the Court."

In the case at bar, Pennsylvania's interest in the issue of contribution must be considered. To close our eyes to the realities of a multi-State case and narrowly focus on the policies regarding host-guest relationship would be a violation of the policy upon which the interest analysis is based.

In reaching the decision to refuse the motion for summary judgment, we are not unmindful of the Elston case, supra, in which our court ruled that a Pennsylvania resident could not join a New Jersey defendant in spite of our policy favoring contribution. That case, in our opinion, may be distinguished from the case at bar in that, in the Elston case, the site of the accident was New Jersey. In addition, the integrity of New Jersey workmen's compensation law was involved and strongly militated to the approach of New Jersey law.

Our resolution of the contribution issue is consistent with the result reached in other courts where immunity rose from the husband-wife relationship rather than the host-guest relationship. See Zelinger v. State Sand and Gravel Co., 38 Wis. 2d 98, 156 N.W. 2d 466 (1968); La Chance v. Service Trucking Co. et al., 215 F. Supp. 160 (D. Md., 1963). Further, the Restatement and hornbook writers are in agreement that such a resolution is just: Restatement of Conflicts 2d §169, Comment "c" (1971); Weintraub, Commentary on the Conflict of Laws (1971).

In our view, the instant case, as a whole, presents a

true conflict of laws problem. The motion for summary judgment will not be granted in order to protect this State's interest in the fair treatment of its defendants.

## ORDER OF COURT

Now, March 1, 1972, in accordance with the opinion filed herewith, it is hereby ordered that the motion for summary judgment filed by defendant, James Anos, is hereby refused.