## Tiliakos v. Duquesne Light Co.

*Stephen J. Harris*, for plaintiff.

*James A. Beinkemper, Sr.*, for defendant.

*Gerald W. Weaver*, for additional defendant.

O'MALLEY, J., February 20, 1974.—This matter is now before the court en banc on motions for judgment on the pleadings and for summary judgment filed by the additional defendant, Gialousis Brothers Industrial Painting & Sheeting Company (hereinafter referred to as "Gialousis"). The granting of either of these motions is identical. Therefore, we do not feel it is necessary to distinguish our views on the separate motions other than to indicate that the basic difference between the two motions is that the motion for judgment on the pleadings, under Pennsylvania Rule of Civil Procedure 1034, requires that we make our decision only on the pleadings; while the motion for summary judgment, Pennsylvania Rule of Civil Procedure 1098 permits us to view other matters such as interrogatories, depositions, etc. Ergo, for the purpose of this opinion, we will consider only the first of these motions.

The history of this case is not complicated. Plaintiff, Tiliakos, was an employe of Gialousis, the additional defendant. Plaintiff is a resident of the State of Ohio, and Gialousis is a corporation having its place of business in Ohio. The original defendant, Duquesne Light Company, is a Pennsylvania corporation.

At the time of the incident on which the original action is based, plaintiff was working in the State of Pennsylvania for Gialousis. The incident on which the original suit is based occurred when a light fixture, allegedly allowed to fall into a state of disrepair by the original defendant, broke loose and struck plaintiff. Plaintiff filed suit against Duquesne Light Company and Duquesne Light joined Gialousis as an additional

defendant and seeks by this action to have the additional defendant found solely liable for the injuries of plaintiff or jointly liable for these injuries with the original defendant, thus giving the original defendant a right of contribution from the additional defendant.

Plaintiff applied for and received Ohio workmen's compensation benefits.

A determination of the legal issue now before the court, however, is not as simple. This issue is basically what law to apply to this case: That of Ohio, which would make the additional defendant immune from liability or contribution under the Ohio Workmen's Compensation Law; or that of Pennsylvania, which would allow contribution from the additional defendant, should joint liability be found to exist.

Prior to Griffith v. United Air Lines, 416 Pa. 1, 203 A. 2d 796 (1964), the problem we are now faced with did not exist because Pennsylvania recognized and applied the simple mechanical rule that the law of the situs of the accident governed choice of law questions. However, since Griffith, the Restatement 2d, Conflict of Laws, §173, position has been adopted in Pennsylvania, to wit, and the local law of the State with the most significant relationship with the occurrence and with the parties will govern choice of law questions.

There is no question in the instant case as to which State, Ohio or Pennsylvania, has the most significant relationship to the occurrence. The accident occurred in Pennsylvania. However, the more involved, and consequently more difficult, question is which State has the more signficant relationship to the parties.

In Elston v. Industrial Lift Truck Co. Inc., 420 Pa. 97, 216 A. 2d 318 (1966), the Pennsylvania Supreme

Court reaffirmed its application of the principles set forth in Griffith. In Elston the situation was almost identical to the present case, except that the accident occurred in the State of New Jersey. In Elston, plaintiff sued in Pennsylvania for injuries sustained in an accident in New Jersey while he was employed by a Pennsylvania corporation. The original defendant was a New Jersey company.

In the instant case, plaintiff has been assured and has received an expeditious recovery for his injuries under the Ohio Workmen's Compensation Law. The Ohio law recognizes the principle that where an employer is required to provide compensation benefits to an employe, the employer should be immune from suit for the same injury. The Pennsylvania law recognizes the same principle but allows contribution from the employer where the Ohio law does not.

The original defendant in the instant case argues that to grant the motions now before the court would "do violence to the basic laws of the Commonwealth," allowing contribution from an employer for injuries resulting from joint negligence. We would agree with this position if we felt that Pennsylvania law should govern this question. However, we do not feel that this is the case.

The parties with whom we must be primarily concerned in deciding the question now before this court are plaintiff and the additional defendant. They are both from the State of Ohio, the employment arose in Ohio and in all other respects is governed by Ohio law. As between these parties, the only contact Pennsylvania has is the fact that this incident occurred in Pennsylvania. We do not feel that this is a contact that is so significant as to outweigh all of the other contacts existing in the employment relationship.

For the reasons cited above, we conclude that the

Ohio law should be applied in the instant case and, therefore, the additional defendant's motion for judgment on the pleadings should be granted; and the motion for summary judgment not having been considered, and as explained in the first paragraph hereof, should be dismissed as moot.

## ORDER OF COURT

And now, to wit, February 20, 1974, after consideration of arguments and briefs of counsel, it is ordered, adjudged and decreed that the additional defendant's motion for judgment on the pleadings be and same is hereby granted; and the motion for summary judgment is dismissed as being moot.