**GLOBE INDEMNITY COMPANY,**
Appellant,

v.

**AGWAY, INC.**

No. 71–1130.

United States Court of Appeals,
Third Circuit.

Argued Jan. 25, 1972.

Decided March 2, 1972.

Joseph J. Murphy, Murphy, Veldorale, Dougherty & Katevatis, Philadelphia, Pa. (John F. Dougherty, Jr., Robert J. Murphy, Philadelphia, Pa., on the brief), for appellant.

Francis E. Marshall, Marshall, Dennehey & Warner, Philadelphia, Pa. (Edward R. Murphy, John W. Walter, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, MARIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

The question presented on this appeal is whether the district court erred in holding the plaintiff's present action for indemnity barred by a prior judgment awarding this plaintiff contribution on a cross claim in a negligence action which had been brought under the Pennsylvania Wrongful Death and Survival Acts against the assignor of the present plaintiff by the administrator of a deceased employee of the predecessor in interest of the present defendant. No useful purpose will be served in detailing here the factual situation since it is fully outlined in our opinion on the appeal from the judgment entered in the prior suit. Beebe v. Highland Tank and Manufacturing Company, 3 Cir. 1967, 373 F.2d 886, cert. den. National Molasses Co. v. Beebe, 388 U.S. 911, 87 S.Ct. 2115, 18 L.Ed.2d 1350.

The plaintiff, Globe Indemnity Company, is the assignee of National Molasses Company. The defendant, Agway, Inc., is the successor in interest of Eastern States Farmers Exchange. It is undisputed that Globe and Agway are in privity with National and Eastern, respectively. The complaint in the present case alleges that on August 16, 1960 Richard C. Kline lost his life while en-

tering a molasses storage tank on the premises of his employer, Eastern States Farmers Exchange. It is further alleged that David B. Beebe, administrator of the estate of the decedent, brought suit in the District Court for the Eastern District of Pennsylvania against National Molasses Company, and that the case was tried to a jury and a verdict was returned in favor of the plaintiff administrator and against National. It is also asserted that the present plaintiff, Globe, was the insurance carrier for National and has paid the amount of the judgment entered on the aforementioned verdict, as reduced by a remittitur, plus interest, costs and counsel fees, and is under the law subrogated to the rights of its assured for indemnification. Finally, it is alleged that the incident giving rise to the death of Kline was caused by the primary negligence of Agway's predecessor, Eastern.

In the present case Agway filed a motion for dismissal of the complaint on the ground that the action is barred by the judgment entered in a cross claim by Globe's assignor, National, against it in the prior suit. In support of its motion Agway relied upon the following proceedings in the prior suit: First, it relied upon the cross claim, to which reference has already been made, filed by National against Eastern, the decedent's employer, which had been joined as a third-party defendant by another co-defendant in the suit. In the cross claim National stated that in the event that evidence was introduced at the trial from which a jury might find a verdict in favor of the plaintiff administrator against National, National demanded judgment against Eastern "by way of indemnity and/or contribution for all sums awarded in favor of Plaintiff against the said Defendant", National. Also, Agway relied upon the judgment entered in the district court on the jury verdict in favor of the plaintiff administrator and against the defendant, National, on the plaintiff's claim

under the Pennsylvania Wrongful Death Act in the sum of $306,975 and on the plaintiff's claim under the Pennsylvania Survival Act in the sum of $72,200, and the judgment entered on the cross claim "in favor of National Molasses Company and against Eastern States Farmers Exchange for contribution as allowed by law." And, finally, Agway relied upon a stipulation entered into by counsel for National and Eastern, filed with the court and entered on its docket on July 6, 1967, that the judgments in favor of the plaintiff administrator and against National and in favor of National and against Eastern be marked "satisfied."

On December 16, 1970 the district court filed an opinion in the present case holding, inter alia, that in the prior suit the plaintiff had claimed and was denied indemnity and was, therefore, barred from relitigating that claim. Judgment was thereupon entered in the district court granting the plaintiff's motion for dismissal and dismissing the complaint with prejudice. This appeal by the plaintiff followed. In support of its appeal Globe asserts that the claim of its assignor, National, to indemnity from Agway's predecessor, Eastern, was not litigated in the cross claim in the prior suit and argues that its prosecution of that claim in the present suit is, therefore, not barred by the estoppel of the judgment rendered on that cross claim. It further asserts that it is lawfully entitled to the indemnity which it claims. We find both contentions to be without merit.

The issues are to be determined under the law of Pennsylvania in which state the death of Eastern's employee Kline took place, which the court found in the original suit to have been caused by the concurrent negligence of Eastern and National. Under the law of that state, contribution is authorized among joint tortfeasors,[1] but, in the absence of a contract, a right to indemnity is not recognized as among

---

1. Uniform Contribution Among Joint Tortfeasors Act, 12 P.S. (Pa.) § 2082 et seq.

them; whereas the right to indemnity is recognized as between a tortfeasor secondarily and one primarily liable but not a right to contribution.[2] Moreover, in the case of joint tortfeasors one of whom is the employer of the injured party even contribution from the employer tortfeasor is limited, as it was in the original suit here, to the amount payable by him under the Pennsylvania Workmen's Compensation Act.[3]

In the prior case National, Globe's assignor, alleged in its cross claim against Eastern, Agway's predecessor, a claim "by way of indemnity and/or contribution." It is, therefore, clear that the cross claim asserted not only the claim for contribution which National was awarded in the suit, but also a claim for indemnity. The record shows that issue was joined on both claims. While it is true that National actually pressed only its claim for contribution it did not at any time withdraw the claim for indemnity. In the prior suit National sought to establish that its conduct was not the proximate cause of the decedent's death but was superseded by the negligence of Eastern. It was, however, determined in that case that the negligence of these two parties was concurrent and that they were thus joint tortfeasors. Not only was this specifically stated in the opinions of the district court and of this court on the first appeal, but it necessarily follows from the verdict and judgment granting contribution which under the law of Pennsylvania, as we have seen, could only have been lawfully awarded to National on the basis of a finding that it and Eastern were joint tortfeasors. By the same token, the verdict and judgment necessarily determined that, being a joint tortfeasor rather than one secondarily liable, National was not lawfully entitled to indemnity from Eastern. For contribution and indemnity are alternative remedies fundamentally different in nature and are in no sense cumulative. National's claim to indemnity having thus been litigated and decided against it by the judgment entered on its cross claim, National's assignee, Globe, is barred by the direct estoppel of that judgment from relitigating it in the present action and the district court rightly so held.

Moreover, under the facts of this case National would not lawfully have been entitled to full indemnity from Eastern even if it had been found that Eastern was primarily and National was only secondarily liable. For as we have recently had occasion to point out, the law of Pennsylvania, absent a contractual relationship between the parties to the contrary, does not permit even a tortfeasor secondarily liable to recover from an employer tortfeasor primarily liable for its employee's injuries or death, indemnity for the damages which the secondarily liable tortfeasor has been required to pay, at least beyond the amount of the employer tortfeasor's unsatisfied liability to its employee under the Pennsylvania Workmen's Compensation Laws.[4] This rule, rooted in the public policy of Pennsylvania to uphold and preserve the state's workmen's compensation system would thus preclude Globe from recovering indemnity from Agway, even if its claim therefor had not been previously litigated and decided against it. For its assignor has already received payment from Agway's predecessor of the amount of the latter's workmen's compensation liability by way of contribution pursuant to the prior judgment.

The judgment of the district court will be affirmed.

---

2. Builders Supply Co. v. McCabe, 1951, 366 Pa. 322, 77 A.2d 368.

3. Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105.

4. O'Neill v. United States, 3 Cir. 1971, 450 F.2d 1012.