**Bruce ALBRECHT and Stephanie Albrecht, h/w**

v.

**PNEUCO MACHINERY COMPANY and National Rubber Company Ltd. and Boise Crane Industries, Inc.**

v.

**ENVIRONMENTAL TECTONICS CORP.**

Civ. A. No. 77–2142.

United States District Court, E. D. Pennsylvania.

May 1, 1978.

Donald F. Manchel, Paul M. Perlstein, Philadelphia, Pa., for plaintiff.

Joseph F. Ricchiuti, Philadelphia, Pa., for Pneuco & Nat. Rubber.

Joseph V. Pinto, White & Williams, Philadelphia, Pa., for Boise.

Lynn L. Detweiler, Frederick C. Fletcher, II, Schwartz, Campbell & Detweiler, Philadelphia, Pa., for Environmental.

Robert P. Kane, Atty. Gen., Mary Ellen Krober, Asst. Atty. Gen., J. Justin Blewitt, Jr., Deputy Atty. Gen., for Commonwealth (as amicus curiae).

## OPINION AND ORDER

FOGEL, District Judge.

### I. PROCEDURAL AND FACTUAL HISTORY OF THE CASE

In June, 1975, plaintiff Bruce Albrecht was employed by Environmental Tectonics Corporation, (Tectonics). During the course of his employment, while operating a brake press, a die allegedly fell from the press onto his foot, causing injuries to him.

On June 17, 1977, plaintiffs filed this action against Pneuco Machinery Company, (Pneuco), National Rubber Company, Ltd., (National), and Boise Crane Industries, Inc., (Boise), alleging 1) negligent design and manufacture of brake presses and dies, 2) strict liability and 3) breach of express and implied warranties of merchantability and fitness for a particular purpose.

On August 10, 1977, defendants Pneuco and National filed a third party complaint against Albrecht's employer, Tectonics, alleging that the accident was caused by the negligence of Tectonics or its agents.

Tectonics has moved for summary judgment based on Section 303 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 481(b), which provides:

\* \* \* \* \* \*

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party

alleged to be liable prior to the date of the occurrence which gave rise to the action.

## II. DISCUSSION

Defendants contend that this section of the Workmen's Compensation Act violates: (1) the due process clause of the Fourteenth Amendment to the United States Constitution, in that it terminates a pre-existing common law right; and (2) equal protection principles, in that it eliminates a party's right to sue. Further, defendants contend that it is arbitrary and that no rational nexus exists between the Commonwealth's police power and the purpose of this section of the Workmen's Compensation Act.

Because the constitutionality of a state statute has been questioned, we invited the Commonwealth to intervene as *amicus curiae*; it did so by filing a brief, in accordance with our briefing schedule, on March 1, 1978. For the reasons which follow, we find that § 303 of the Workmen's Compensation Act, 77 P.S. § 481(b), does not violate the due process or equal protection provisions of the Constitution, and therefore grant Tectonics' motion for summary judgment.

Defendants cited two Minnesota cases and one Florida case in support of their assertion of unconstitutionality of 77 P.S. § 481(b): *Carlson v. Smogard*, 298 Minn. 362, 215 N.W.2d 615 (1974); *Haney v. International Harvester Company*, 294 Minn. 375, 201 N.W.2d 140 (1972); *Suspan Engineering and Construction Co. v. Spring-Lock Scaffolding Company*, 310 So.2d 4 (Fla.Sup.Ct.1975). In each of these cases, the respective statute was similar to the statute in this case; the enactments in question provided that an employer could not be held liable to a third party in an action commenced by an injured employee against such third party.

Both the Minnesota and Florida Supreme Courts found their respective statutes unconstitutional; however, they did so on grounds not raised here.[1] We are not persuaded by these cases, (which turned as noted, on the right sought to be vindicated or state constitutional issues), particularly in view of the overall purpose underlying the Workmen's Compensation Act, 77 P.S. § 1 et seq.: speedy and efficient resolution of claims of employees injured in the performance of their jobs. Such a statutory scheme is a valid exercise of a state's police power. *Dupree v. Barney*, 193 Pa.Super. 331, 163 A.2d 901 (1960). Therefore, starting with the presumption of constitutionality of the state statute in question, *Lehnhausen v. Lakeshore Auto Parts Company*, 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973), we examine the intent of the Legislature in adopting § 303. The background of the enactment of § 303 is perhaps best summarized in *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977) in which then President Judge Watkins stated:

> The National Commission on State Workmen's Compensation Laws submitted its report to the Congress and the President in July, 1972. The report contained 84 recommendations for the improvement of state workmen's compensation laws, and of the 84 recommendations, 19 were deemed essential by the Commission. Recommendations R. 2.18 and R. 2.19 address immunity and exclusivity of employers from negligence actions when an employee is impaired or dies because of a work-related injury or disease. The Commission recognized that its recommendations would result in increased costs to employers and included the ex-

---

1. The Minnesota cases turned on the abrogation of a party's right to *indemnity, not contribution*, which is in issue in this case. Pennsylvania recognizes a right to indemnity if there is a contract between the parties. *Globe Indemnity Co. v. Agway, Inc.*, 456 F.2d 472 (3d Cir. 1972).

The Florida case, as applied to the facts of that case, held that F.S. § 440.11 (1972) violated the "access to the courts for redress of any injury" provision of Article I, § 21, Florida Constitution.

clusive liability of an employer as one of the 19 essential recommendations.

With the Commission report as a background, the Pennsylvania Legislature in the years 1972 through 1974 undertook a massive overhaul of the State's Workmen's Compensation Law and Occupational Disease Law which, among other items, caused the average weekly payment to rise from $60.00 per week to a present $187.00 per week. It was the intention of the Legislature to have the Pennsylvania Workmen's Compensation Law comply with as many of the essential recommendations of the Commission as possible. *This culminated on December, 1974 with the enactment of S.B. 1223, wherein the intention of the amendments to Section 303 was to grant the employer total immunity from third-party actions.* (Emphasis added)[2]

*Id.* at 870–71.

Although *Hefferin* does not address the constitutional issues raised in this case, we are convinced that the legislative intent as highlighted by the Pennsylvania Court supports our conclusion that protecting an employer, perhaps even a negligent employer, from third party defendant liability is but a small step from the avowed purpose of the Workmen's Compensation Act of insulating an employer from liability to the employee for accidental injuries sustained in the course of the performance of the employee's job. Our conclusion that 77 P.S. § 481(b) is constitutional is further buttressed by the fact that the Pennsylvania Legislature adopted the language of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* This act has been repeatedly upheld as providing the exclusive liability of an employer engaged in the maritime professions. As the Supreme Court stated in *Ryan Stevedoring*

Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 129, 76 S.Ct. 232, 235, 100 L.Ed. 133 (1956):[3]

The obvious purpose of this provision [33 U.S.C. § 905] is to make the statutory liability of an employer to contribute to its employee's compensation the exclusive liability *of such employer to its employee, or to anyone* claiming under or through such employee, *on account of his injury or death arising out of that employment.* (Emphasis in original).

## III. CONCLUSION

Therefore, under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we must, sitting in diversity, follow the statutory and common law of the Commonwealth of Pennsylvania. Since we find § 303 of the Workmen's Compensation Act, 77 P.S. § 481 is a valid exercise of the Commonwealth's police power, and thus unflawed constitutionally, we hold that 77 P.S. § 481(b) operates to bar joinder of an injured employee's employer in an action commenced by the employee against a third party. *Hefferin, supra; see also Hadden v. Abbott Power Corp.*, Civil Action No. 76–3177 (E.D.Pa.1978, filed April 4, 1978).

Accordingly, third party defendant Tectonics' motion for summary judgment is granted. An appropriate order will issue.

---

**2.** *Hefferin* held that 77 P.S. § 481(b) operates as an absolute bar to joinder as a third party defendant the injured employee's employer in an action commenced by the employee. However, 77 P.S. § 481(b) does not preclude the original defendant from proving, at trial, that

the employer's actions were the proximate and legal cause of the injury.

**3.** In *Coates v. Potomac Electric Power Co.*, 95 F.Supp. 779 (D.D.C.1951), the constitutionality of 33 U.S.C. § 905 was upheld.