396 A.2d 1241

Xenophon TSARNAS

v.

JONES & LAUGHLIN STEEL CORPORATION, Eichleay Corporation.

WHITEHEAD & KALES COMPANY, Appellant,

v.

AVALOTIS PAINTING COMPANY, INC.

Superior Court of Pennsylvania.

Argued April 11, 1978.
Decided Dec. 28, 1978.

418

Paul D. Kruper, Pittsburgh, for appellant.

No appearance entered nor brief submitted for appellees.

PER CURIAM:

The six Judges who decided this appeal being equally divided, the order and judgment are affirmed.

CERCONE, J., files an opinion in support of affirmance in which JACOBS, P. J., and HESTER, J., join.

PRICE, J., files an opinion in support of reversal in which VAN der VOORT, J., joins.

SPAETH, J., files an opinion in support of reversal.

HOFFMAN, J., did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

CERCONE, Judge:

This appeal challenges the constitutionality of Section 303(b) of the Pennsylvania Workmen's Compensation Act, as amended.[1]  The lower court sustained preliminary objections in the nature of a demurrer to appellant's (Whitehead & Kales Company) complaint to join appellee-employer (Avalotis Paint Company) as an additional defendant and directed that judgment be entered in favor of Avalotis and against all other parties.

The salient events culminating in this appeal are as follows.  Plaintiff, Xenophon Tsarnas, filed a complaint in trespass against Jones & Laughlin Steel Corporation, Eichleay Corporation, and Whitehead & Kales alleging that he sustained personal injuries on August 4, 1975, while acting within his scope of employment for Avalotis.  The injuries are alleged to have occurred when plaintiff, while painting the steel frame on a building being constructed at a J & L plant, grabbed onto a vertical steel sag bar which pulled loose from its fasteners and caused him to fall to the ground below.  Each of the defendants are alleged to have been negligent in failing, inter alia, to securely fasten the sag bar to the horizontal beams.  Whitehead & Kales filed a complaint to join plaintiff's employer, Avalotis, as an additional defendant on the theory that Avalotis was solely liable, or jointly and severally liable to plaintiff, or liable over to the defendants for contribution and/or indemnification.  Avalotis countered with preliminary objections in the nature of a demurrer contending that Section 303(b) of Workmen's Compensation Act, supra, prohibits a third party from joining the plaintiff's employer as an additional defendant.  Whitehead & Kales, however, maintained below, as it does on this appeal, that Section 303(b) is violative of both our state and federal constitutions.  The lower court was of the opinion that our decision in *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977) (allocatur denied June 27,

1.  Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b). (Supp.1978–79).

1977), foreclosed inquiry into the constitutionality of Section 303(b) and, consequently, sustained Avalotis' preliminary objections. This appeal followed.

Appellant contends that Section 303(b) is unconstitutional for any one of three different reasons. It is first argued that the section violates Article I, Section 11, of the Pennsylvania Constitution because it denies a third party the opportunity to present its claims for contribution or indemnity to the courts. Secondly, it is asserted the section abridges Article III, Section 18, of the Pennsylvania Constitution because it prohibits a third party from recovering against a plaintiff's employer by way of contribution or indemnity. Lastly, appellant contends that Section 303(b) transgresses the equal protection clause of the Fourteenth Amendment to the United States Constitution because it establishes unreasonable and arbitrary classifications.

■ "Any discussion of the constitutionality of lawfully-enacted legislation must commence with the restatement of the principle of law which creates a 'presumption' in favor of constitutionality. 'An Act of Assembly will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution.' . . . '[T]he burden rests heavily upon the party seeking to upset legislative action on constitutional grounds; all doubt is to be resolved in favor of sustaining the legislation.' . . ." (Emphasis in original; citations and footnote omitted.) *Singer v. Sheppard,* 464 Pa. 387, 393, 346 A.2d 897, 900 (1975). Considered in accordance with the foregoing principles, appellant's arguments are unavailing.

## I.

■ The statute in question, Section 303(b), provides as follows:

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at

law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." 77 P.S. § 481(b), supra.

In *Hefferin v. Stempkowski*, supra, we held that the above amendment granted employers total immunity from third party actions. See also *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978). In the instant case the opinion in support of reversal correctly notes that our decision in *Hefferin* did not expressly address any constitutional questions pertaining to Section 303(b).[2] However, I cannot agree with Judge Price's opinion that Section 303(b), as interpreted in *Hefferin* is violative of both Article I, Section 11 and Article III, Section 18 of the Pennsylvania Constitution.

Article I, Section 11 provides in relevant part:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . ."

It is urged that Section 303(b) violates this constitutional mandate in that it denies third parties access to the courts to litigate claims for contribution and indemnity without providing any alternative remedy. Our Supreme Court has recently been confronted with similar constitutional arguments advanced under analogous circumstances. In *Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897 (1975), the Court addressed itself to the constitutionality of the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974,

**2.** The intent of the legislature in passing the amendment can be said to be in consonance with the objective of having the merits of the original defendant's case decided separately from that of the employer, whose liability is already fixed by law.

P.L. 489, No. 176, 40 P.S. § 1009.101 *et seq.* In *Singer* it was contended that Section 301(a) of the No-Fault Act, supra, which abolished tort liability in relatively "minor" automobile accidents, unconstitutionally denied the victims of these "minor" injuries access to the Courts. The Court rejected this argument and pertinently remarked:

> "Any conclusion that an individual has a vested right in the continued existence of an immutable body of negligence law would necessitate the invalidation of the No-Fault Act as a violation of Article I, Section 11, *and* the due process clause of the Fourteenth Amendment to the Federal Constitution.

> "However, the practical result of such a conclusion would be the stagnation of the law in the fact of changing societal conditions. In 1876, in *Munn v. Illinois*, 94 U.S. 113, 24 L.Ed. 77, the United States Supreme Court recognized that due process was not violated when legislative action modified the common law. The Court ruled:

> " 'A person has no property, no vested interest, in any rule of common law. That is only one of the forms of municipal law, and is no more sacred than any other. Rights of property which have been created by the common law cannot be taken away without due process; *but the law itself, as a rule of conduct, may be changed at the will, or even at the whim, of the legislature, unless prevented by constitutional limitations. Indeed, the great office of statutes is to remedy defects in the common law as they are developed, and to adopt it to changes of time and circumstances.'* (Emphasis added.) 94 U.S. at 134."

*Singer v. Sheppard,* supra, 464 Pa. at 399, 346 A.2d at 903. See also, *Jackman v. Rosenbaum Co.,* 263 Pa. 158, 175, 106 A. 238 (1919), aff'd 260 U.S. 22, 43 S.Ct. 9, 67 L.Ed. 107 (1932) (quoted in *Singer v. Sheppard,* supra); *Fadgen v. Lenkner,* 469 Pa. 272, 365 A.2d 147 (1976); *Freezer Storage, Inc. v. Armstrong Cork Co.,* 476 Pa. 269, 382 A.2d 715 (1978). The Opinion in Support of Reversal, however, finds *Singer* distin-

guishable[3] from the case at bar because "an alternative remedy was made available to the plaintiff through operation of the no-fault statute." (Opinion in Support of Reversal at 262 Pa.Super. ——, 396 A.2d 1248). As I read *Singer* this does not constitute a viable distinction. In any event, the recent decision in *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 269, 382 A.2d 715 (1978), makes clear that a common law cause of action may be constitutionally abolished without providing a substitute remedy. In that case a constitutional challenge, virtually identical to the instant one, was launched against a statute (Act of December 22, 1965, P.L. 1183, § 1, 12 P.S. § 65.1 (Supp.1977)) that limited the time in which an action could be commenced against those persons involved in the design, planning, and construction of improvements to real property. The Court responded to the contention that a cause of action could not be abrogated absent allowance for a substitute remedy, by first noting that this very argument had been rejected in *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955)[4] and; secondly, stating that the language in *Dolan v. Linton's Lunch*, supra, supporting a contrary result was dicta and "[t]o the extent that the dictum therein suggests that the Legislature may never abolish a judicially recognized cause of action, we decline to follow it." *Freezer Storage, supra*, 476 Pa. at 282–283, 382 A.2d at 721. Accordingly, recent precedent makes plain that appellant's Article I, Section 11 challenge to Section 303(b) of the Workmen's Compensation Act must fail.

■ Notwithstanding the foregoing, it must be emphasized that Section 303(b) does not absolutely preclude a third party from bringing an action against the employer for

**3.** The basis for this purported distinction is the case of *Dolan v. Linton's Lunch*, 397 Pa. 114, 123, 152 A.2d 887 (1959), and the Court's observation in *Singer*, supra, 464 Pa. at 401, 346 A.2d at 904 that, "[t]he legislature had substituted, in the case of relatively minor accidents, the prompt and sure recovery of economic loss for the delayed and uncertain awards of the courts."

**4.** Upholding a statute which abolished the liability of an innkeeper to his guests for certain losses they might incur.

damages, contribution, or indemnity. It merely bars these actions . . . "unless liability for such damages, contributions, or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." Section 303(b) supra, 77 P.S. § 481(b). Thus, Section 303(b) neither totally abolishes actions by a third party for contribution or indemnity, nor does it leave them entirely remediless. It simply requires them to contemplate such measures in advance of any injury. Parenthetically, it should also be noted that nothing in Section 303(b) precludes a defendant from defending at trial on the theory that the conduct of the plaintiff's employer was the legal cause of the injury. In other words, if there is no fault on the defendant's part, it will not be held liable. *Albrecht v. Pneuco Machinery Co.*, 448 F.Supp. 851 (E.D.Pa.1978); *Arcell v. Ashland Chemical Co., Inc.*, 152 N.J.Super. 471, 378 A.2d 53 (1977).

## II.

◼ Appellant's second constitutional argument has also been dismissed by our Supreme Court. Article III, Section 18 provides in pertinent part:

"The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; *but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death or for injuries to persons or property,* and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for

whose benefit such actions shall be prosecuted . . ." (Emphasis added.)

Appellant contends that a third party has no connection with the employer-employee relationship and thus does not fall within the exception contained in Section 18; and therefore, Section 303(b) is unconstitutional because it, in effect, places a zero dollar limit on the amount a third party can recover from a plaintiff-employee's employer. This argument is specious. As the Supreme Court cogently stated in *Freezer Storage*, supra, 479 Pa. at 283–284, 382 A.2d at 721:

> "The Legislature has not limited the recovery available under a cause of action, but eliminated that cause of action altogether in certain cases. It is senseless to hold that, although Article I, Section 11 permits the Legislature to abolish a cause of action, any such abolition is nonetheless void because it constitutes a diminution of recovery for a harm inflicted in violation of Article III, Section 18: 'While, under this constitutional provision, no valid statutory limitations may be placed upon claims for injuries recoverable at law, yet it does not have, and cannot properly be given, the effect of conferring a right of recovery where none otherwise exists.' *Jackman v. Rosenbaum*, 263 Pa. at 169, 106 A. at 242. In both *Jackman* and the present case, the chief reason that no cause of action otherwise existed was that the Legislature had passed a statute abolishing plaintiff's purported cause of action." (Footnote omitted.)

See also, *Singer v. Sheppard, supra.*

## III.

Lastly, appellant argues that Section 303(b) violates the equal protection clause of the Fourteenth Amendment. Suffice to say, this exact argument has been considered and rejected by two federal courts in Pennsylvania. See, *Adamik v. Pullman Standard*, 439 F.Supp. 784 (W.D.Pa.1977); *Albrecht v. Pneuco Machinery Co.*, 448 F.Supp. 851 (E.D.Pa. 1978). In addition, a 14th Amendment challenge was found

meritless in *Singer*, supra. I find those decisions persuasive and would apply them to the case at bar.

Accordingly, I would affirm the order of the court below.

JACOBS, President Judge, and HESTER, J., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

PRICE, Judge:

Appellant, Whitehead & Kales Company, was a defendant in an action in trespass brought by Xenophon Tsarnas, employee of additional defendant, Avalotis Painting Company. The complaint arose out of an injury sustained when plaintiff, while working within the scope of his employment, fell from a scaffold allegedly erected by appellant. Appellant sought to join Avalotis as an additional defendant. Avalotis raised preliminary objections to appellant's complaint, citing the amended Section 303(b) of the Workmen's Compensation Act. Act of December 5, 1974, P.L. 782, No. 263, § 6 (77 P.S. § 481(b)). The lower court sustained the objections and entered judgment in favor of Avalotis and against all other parties on the grounds that Section 303(b) forbids such third party complaints against an employer and that the superior court's decision in *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977), precluded inquiry into the constitutionality of amended Section 303(b).

Appellant, in appealing the lower court order and judgment, contends that Section 303(b) is unconstitutional under both the Pennsylvania State Constitution (Article I, Section 11, and Article III, Section 18) and the fourteenth amendment of the United States Constitution.[1]

We find Section 303(b) violative of our state constitution. The General Assembly in amending Section 303(b) of the Workmen's Compensation Act eliminated the employer's liability to third parties for damages, contribution, or indemni-

---

1. Because of our conclusions that appellant's arguments are meritorious on state grounds we need not reach the argument as to the fourteenth amendment of the United States Constitution.

ty, and thereby exceeded the authority given to it by Article III, Section 18 (formerly Article III, Section 21)[2] of Pennsylvania State Constitution. In addition, Section 303(b) denies access to the courts to those third parties sued by injured employees in negligence actions, and thus violates Article I, Section 11 of the Pennsylvania Constitution.

Prior to the legislature's amendment of Section 303(b) in 1974, a third party being sued by an injured employee was permitted to join the plaintiff's employer as an additional defendant, and the employer's liability was limited to that amount for which he was liable under the Workmen's Compensation Act, 77 P.S. § 511 *et seq., Burke v. Duquesne Light Company,* 231 Pa.Super. 412, 332 A.2d 544 (1974). Therefore, the employer risked no additional liability as an additional defendant, while the third party was provided with a remedy.

However, in 1974, the legislature amended Section 303(b) to read as follows:

"In the event injury or death to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, *but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise,* unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." (emphasis added)

This court, in the case of *Hefferin v. Stempkowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977), interpreted Section 303(b) to prohibit third parties from joining employers as additional defendants in suits by injured employees against

---

**2.** Article III, Section 21 was renumbered to Article III, Section 18 by Amendment adopted May 16, 1967.

third parties.[3]  In addition, our supreme court has stated that Section 303(b) "obliterates [the third party's] cause of action." *Walter E. Bell et al. v. Koppers Co., Inc. et al.*, 481 Pa. 454, 392 A.2d 1380, 1382 (1978).

By conferring upon employers immunity from liability to third parties for damages, contribution, or indemnity, the General Assembly was exceeding the authority given to it by Article III, Section 18 of the Pennsylvania Constitution and, in effect, denying to the third parties access to the courts as provided for in Article I, Section 11.

Article III, Section 18 provides that:

"The General Assembly *may enact laws requiring the payment by employers, or employers and employes jointly,* or reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted.  No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided." (emphasis added)

This court has held that the purpose of Article III, Section 18 was "to relieve to some extent the employee  .  .  .

---

**3.** Contrary to the lower court's contention, *Hefferin* does not preclude inquiry into the constitutionality of amended Section 303(b) since the issue of constitutionality was not before the court in *Hefferin.*

from the economic consequences of his injury and make them a part of the cost of operation of the business, to be paid ultimately by the consuming public, and it should be so construed as to carry this purpose into effect." *Rudy v. McCloskey & Co.*, 152 Pa.Super. 101, 107, 30 A.2d 805, 808 (1943), *affirmed per curiam*, 348 Pa. 401, 35 A.2d 250 (1944), *citing Hale v. Savage Fire Brick Co.*, 75 Pa.Super. 454, 462 (1921). The Workmen's Compensation Act itself specifies that only the parties to the agreement, *i. e.*, the employer and his personal representatives, and the employee and his dependents, shall be bound by the terms of the Act. After all, it is the employer and the employee who mutually relinquish common law advantages to gain benefits under the Act. The injured employee receives a schedule of compensation from his employer in exchange for the employee's grant to the employer of immunity from suit. In addition, when the compensable injury is caused in whole or in part by the act or omission of a third party, the employer is subrogated to the right of the employee, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under the Act.

Article III, Section 18 was promulgated to allow the legislature to regulate the relationship of the parties to the employment agreement, and it did not authorize the regulation of relationships outside of that agreement. Indeed, with respect to third parties such as appellant, Article III, Section 18 created a substantive right of indemnity. *Walter E. Bell, et al., supra.* Section 303(b) of the Workmen's Compensation Act, by regulating the relationship of the third party and employer as joint tort-feasors, and thereby obliterating the third party's substantive right of bringing a cause of action for indemnity or contribution against the employer, evidences an attempt by the General Assembly to exceed the express authority granted to it under Article III, Section 18. Therefore, we find Section 303(b) unconstitutional under Article III, Section 18.

Inextricably intertwined with the issue of whether Section 303(b) is authorized by Article III, Section 18, is the issue of whether Section 303(b) violates Article I, Section 11 of the Pennsylvania Constitution, which provides that:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . ."

Abolishing the third party's substantive right to sue the employer as an additional defendant while still allowing the employer to sue the third party, furthers none of the objectives of Article III, Section 18, or the Act itself, and serves to accomplish the inequitable result of shorning the third party of his common law right to sue the employer, while conferring none of the benefits of the Act upon the third party. Such common law remedies should not be vitiated by the legislature without concurrently providing for some statutory remedy. *Dolan v. Linton's Lunch*, 397 Pa. 114, 152 A.2d 887 (1959). "Of course, the substituted remedy need not be the same, but that is far different from saying that no remedy at all may be substituted." *Dolan, supra*, at 124, 152 A.2d at 892. Section 303 would serve to leave the third party totally remediless.

Although the Pennsylvania Supreme Court in the cases of *Freezer Storage Inc. v. Armstrong Cork Company*, 476 Pa. 270, 382 A.2d 715 (1978), and *Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897 (1975), held that nothing in Article I, Section 11, prevents the legislature from abolishing or modifying a cause of action, those cases can be distinguished from the instant situation in that the parties effected in *Freezer Storage* and in *Singer* were not left totally remediless. *Freezer Storage* upheld the constitutionality of a statute [4] which in effect put a twelve-year statute of limitations [5] upon causes of action by injured parties against persons lawfully performing or furnishing the design, plan-

4. Act of December 22, 1965, P.L. 1183, § 1 (12 P.S. § 65.1).

5. Such causes of action were required to be brought within twelve years after the completion of the improvement.

ning, supervision or observation of construction, or construction of an improvement to real property. Thus, within that twelve-year period, it cannot be said that the injured party's cause of action was "obliterated." *Singer* upheld the constitutionality of Pennsylvania's No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176 (40 P.S. § 1009.101 *et seq.*). Under that statute, while the plaintiff driver, with certain exceptions, may not recover from additional defendants for pain and suffering, he may, nevertheless, recover from his own insurance carrier. "The legislature has substituted, in the case of relatively minor accidents, the prompt and sure recovery of economic loss for the delayed and uncertain awards of the courts." *Singer, supra,* 464 Pa. at 401, 346 A.2d at 904. Thus, an alternative remedy was made available to the plaintiff through operation of the no-fault statute.

In addition, the supreme court in both *Freezer Storage* and *Singer* stressed the prevention of "stagnation of the law in the face of changing societal conditions" *Freezer Storage, supra,* 476 Pa. at 279–280, 382 A.2d at 720, *citing Singer, supra,* 464 Pa. at 399, 346 A.2d at 903. Unlike the no-fault act wherein the legislature made specific findings which evidenced a change in the viability of the then-existing system of motor vehicle accident and insurance law and the need for change,[6] Section 303(b) of the Workmen's Compensation Act contains no similar findings, and we can discern no "changing societal conditions" to justify such a change in the law. As has been pointed out, the employer, as an additional defendant, risks no liability other than that for which he is already responsible under the Workmen's Compensation Act. Thus, even accepting the contention enunciated in the Opinion in Support of Affirmance that a cause of action may be eliminated by the legislature without its providing an alternative remedy, the instant case does not appear to fit within sphere of "changing societal conditions" as enunciated in *Freezer Storage* and *Singer.*

6. 40 P.S. § 1009.102.

Other states have considered the question of whether state statutes prohibiting third party suits against employers in the Workmen's Compensation context were constitutional. Florida, *Sunspan Engineering & Construction Co. v. Spring-Lock Scaffold Co.*, 310 So.2d 4 (Fla., 1975), and Minnesota, *Carlson v. Smogard*, 298 Minn. 362, 215 N.W.2d 615 (1975), have found such restrictions to be unconstitutional exercises of authority by their respective state legislatures. Both states had articles in their constitution similar to Article I, Section 11 of the Pennsylvania Constitution.

In light of the foregoing, we would hold that Section 303(b) of the Workmen's Compensation Act is an unconstitutional exercise of legislative power unauthorized by Article III, Section 18, and a denial to third parties of access to the courts, and therefore violative of Article I, Section 11 of the Pennsylvania State Constitution.

We would reverse the order and judgment of the lower court.

VAN der VOORT, J., joins in this opinion.

## OPINION IN SUPPORT OF REVERSAL

SPAETH, Judge:

█ I agree with the opinion in support of affirmance that 77 P.S. § 481(b) does not violate Article III, section 18, of the Pennsylvania Constitution. Article III, section 18, prohibits the Legislature from placing "a maximum dollar limitation on the amount of damages that are otherwise recoverable in law." *Singer v. Sheppard*, 464 Pa. 387, 415, 346 A.2d 897, 911 (1975) (ROBERTS, J., concurring). Section 481(b) does not limit the amount of damages that are recoverable in a suit for contribution; rather, the provision abolishes the right of contribution for a particular class of tortfeasors. *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978); *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978); *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977). When the Legislature abolishes a cause of action, Article III, section 18, is not violated. *Parker v.*

*Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978); *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 269, 382 A.2d 715 (1978); *Singer v. Sheppard, supra ; Seymour v. Rossman*, 449 Pa. 515, 297 A.2d 804 (1972); *Jadosh v. Goeringer*, 442 Pa. 451, 275 A.2d 58 (1971); *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955).

I cannot agree, however, that section 481(b) is constitutional. Article I, section 11, of the Pennsylvania Constitution provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have a remedy by due course of law, and right and justice administered without sale, denial or delay.

The cases have interpreted the clause "and every man . . shall have a remedy by due course of law" to guarantee a remedy for "legal injuries" only. *Jackman v. Rosenbaum Co.*, 263 Pa. 158, 168, 106 A. 238, 241 (1919), *aff'd*, 260 U.S. 22, 43 S.Ct. 9, 67 L.Ed.2d 107 (1922) ("[t]he word 'injury' in this section of the Constitution has been construed uniformly in the strict sense of 'legal injury' . . . ."). *See also Singer v. Sheppard, supra*, 464 Pa. at 399, 346 A.2d 897 at 903 (plurality opinion). Furthermore, the Supreme Court has noted that because no one " 'has a vested right in the continued existence of an immutable body of negligence law,' " Article I, section 11, is not necessarily violated whenever the Legislature abolishes a cause of action. *Freezer Storage, Inc. v. Armstrong Cork Co., supra* 476 Pa. at 279, 382 A.2d at 720 (citation omitted). However, the opinion in support of affirmance's analysis stops too short when it concludes that once the Legislature abolished the cause of action that would have permitted appellant to obtain contribution from appellee, appellant's rights under Article I, section 11, were not violated because he no longer had a legal injury to vindicate. Our Constitution also guarantees that every person shall have a remedy *by due course of law.* I believe that the Legislature denies a person a remedy by due course of law when it does the following: 1) abolishes a cause of action for a particular group of people while

recognizing it for the public at large; 2) by so abolishing the cause of action creates a result present nowhere else in the law whereby a culpable tortfeasor is indemnified for his wrongdoing at the expense of a third party; and 3) neither articulates any legitimate goals sought to be achieved by the abolition of the cause of action, nor makes findings of fact to show that the abolition will tend to further such goals. Because these circumstances all attended the enactment of section 481(b), I believe the section is proscribed by our Constitution.

The right of contribution among joint tortfeasors is established by statute. *See* 12 P.S. § 2083. Thus, when two defendants are jointly liable, "each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed." 17 P.S. § 2102 (Supp.1978–79). Of course, an employer who is protected by the Workmen's Compensation Act, 77 P.S. § 1 et seq., cannot be held liable to an employee in tort, and therefore technically cannot be a joint tortfeasor. *See Burke v. Duquesne Light Co.,* 231 Pa.Super. 412, 427, 332 A.2d 544, 551 (1974) (JACOBS, J., dissenting). Prior to the passage of section 481(b), however, our law permitted the joinder of the employer as an additional defendant in a suit by an employee against a third party tortfeasor on the basis of joint liability or liability over. If a determination was made that both the employer and the third party were responsible for the employee's injury, the employee could obtain a full recovery from the third party, but the third party could also obtain contribution or indemnity from the employer to the extent of the employer's statutory liability under the Workmen's Compensation Act. *Winters v. Herdt,* 400 Pa. 452, 162 A.2d 392 (1960); *John W. Brown, Jr. Equipment Rental Corp. v. Dickey,* 397 Pa. 454, 155 A.2d 836 (1959); *Socha v. Metz,* 385 Pa. 632, 123 A.2d 837 (1956); *McIntyre v. Strausser,* 365 Pa. 507, 76 A.2d 220 (1950); *Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 (1940); *Hinton v. Waste Techniques Corp.,* 243 Pa.Super.

189, 364 A.2d 724 (1976). Thus, Pennsylvania gave "recognition to the equities underlying contribution [by allowing] a recovery by the third-party tortfeasor to the extent of the employer's liability under workmen's compensation." *Elston v. Industrial Lift Truck Co.*, 420 Pa. 97, 102, 216 A.2d 318, 320 (1966). As the Court stated in *Maio v. Fahs, supra,* 339 Pa. at 190, 14 A.2d at 110: "Since compensation is being paid under that agreement it would be manifestly inequitable to permit [the employee] to recover *the entire amount* of [his] judgment against the [third party alone]." (Original emphasis.) Moreover, implicit in the holdings in the cases above is the view that the definition of "joint-tortfeasors" does not require that the third party and the employer have a common liability toward the injured party, but only that their combined conduct be the cause of the employee's injury. *Elston v. Industrial Lift Truck Co., supra,* 420 Pa. at 102 n. 2, 216 A.2d at 320.

Section 481(b) carves out an exception to the general right to contribution from joint tortfeasors. Under section 481(b), a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the Workmen's Compensation Act, may not in the suit brought by the employee against him join the employer as an additional defendant. Nor may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence was primarily responsible for the injury. The discriminatory effect of section 481(b) is thus clear. In cases where the joint tortfeasor is not the employer of a victim protected by the Workmen's Compensation Act, and the general right to contribution therefore obtains, the third party pays only the proportion of the victim's recovery that equals the proportion that his causal negligence has to the total causal negligence involved in the injury. In cases where section 481(b) applies, the third party always pays the entire recovery.

Yet, the discriminatory effect of section 481(b) does not end here. The net effect of section 481(b) is "to absolve an employer from any liability whatsoever in any case where an

injured employee collects damages from a third party tort-feasor, regardless of the otherwise culpable conduct of the employer." Farage and McDaid, *Annual Survey of Pennsylvania Legal Developments—Part I*, 49 Pa.Bar Assoc.Q. 415, 417 (1978). The subrogation provision of the Workmen's Compensation Act gives an employer an unqualified right to be subrogated to the extent of his workmen's compensation liability to any recovery obtained by an injured employee from a third party tortfeasor. *See* 77 P.S. § 671 (Supp.1978–79). Section 671 was unchanged by the Legislature when it enacted section 481(b). Moreover, in *Hefferin v. Stempkowski, supra*, we held specifically that section 481(b) did not change the employer's subrogation right. "Thus, even if the employer's negligence combines with that of a third party to injure the workman, if the workman recovers from the tortfeasor, the employer is entitled to repayment. Surely, this must be the only area of the law wherein a culpable defendant not only is immune from suit *but also has the affirmative right via the vehicle of subrogation to be made whole for loss suffered as a result of his own fault.*" Farage and McDaid, *supra* at 417 (emphasis added). I stated in *Arnold v. Borbonus, supra*, 257 Pa.Super. at 118, 390 A.2d at 275, that I found "it almost impossible to believe that the Legislature could have intended such a result." Yet that is the very result our cases have construed the language of section 481(b) to achieve. *See Bell v. Koppers Co., Inc., supra; Arnold v. Borbonus, supra; Hefferin v. Stempkowski, supra.*

Given the discriminatory effects of section 481(b), it is not surprising that section 481(b) and similar statutes have been severely criticized by courts and commentators. *See* Weisgall, *Product Liability in the Workplace: The Effect of Workers' Compensation on the Rights and Liabilities of Third Parties*, 77 Wis.L.Rev. 1035, 1080 nn. 193–95 (collecting commentaries); Davis, *Third-Party Tortfeasors' Rights Where Compensation-Covered Employers are Negligent*, 4 Hofstra L.Rev. 571 (1976). Professor Larson, perhaps the leading American scholar on workers' compensation, has

criticized statutes absolving culpable employers from liability whenever there is also a third party tortfeasor on the ground that such statutes result in "too absolute a victory for the employer, who actually comes out ahead by being reimbursed for his compensation outlay." Larson, *Workmen's Compensation: Third Party's Action Over Against Employer*, 65 Nw.U.L.Rev. 351, 366 (1970), *cited in* Weisgall, *supra* at 1049. Moreover, two states, Minnesota and Florida, have held statutes similar to section 481(b) violative of their respective state constitutions. *See Carlson v. Smogard*, 298 Minn. 362, 215 N.W.2d 615 (1975); *Sunspan Engineering and Construction Company v. Spring-Lock Scaffold Co.*, Fla., 310 So.2d 4 (1975). I believe we should come to the same conclusion.

In a closely analogous area of the law, the United States Supreme Court has demonstrated its readiness to scrutinize the classifications set forth in social and economic legislation. Instead of saying, as it has sometimes said in its earlier cases, "that the equal protection clause [is] violated 'only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective,' [and] that a 'statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it,'" the Court is now applying the more demanding criteria that "the means, the classification, must *substantially* further [a] statutory objective," and that that statutory objective must be legitimate and *articulated.* Gunther, *Cases and Materials on Constitutional Law* (9th ed. 1975) at 662 (original emphasis) (footnotes omitted).[1] I believe a similar standard of review

1. Among the cases cited by Gunther as examples of this increased scrutiny by the Supreme Court are *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); *Schlesinger v. Ballard*, 419 U.S. 498, 511, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975) (BRENNAN, J., dissenting); *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973); *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). *See also Jimenez v. Weinberger*, 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974); *Department of Agriculture v. Moreno*, 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973); *San Antonio Ind. School Dist. v.*

is entirely appropriate for the present inquiry. Upon applying such a standard, one discovers at once that it is impossible to say what statutory objectives will be substantially furthered by section 481(b). This is so because, despite the manifestly discriminatory effects of the section, the legislative record is completely silent as to why it was enacted. The Legislature made no findings of fact, nor did it express any statement of purposes. Given this failure, we owe the Legislature no deference.[2] As Professor Larson has observed:

It is rather inconsiderate [of the legislature] to force courts to speculate about legislative intention on the

*Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *Railway Express Agency v. New York*, 336 U.S. 106, 111, 69 S.Ct. 463, 93 L.Ed. 533 (1949) (JACKSON, J., dissenting).

**2.** It is also pertinent to note that in *Hefferin v. Stempkowski, supra,* 247 Pa.Super. at 368, 372 A.2d at 870, we stated that since section 481(b) was but one of a number of amendments to our workmen's compensation laws passed in 1974, it should not be viewed apart from the recent history of workmen's compensation legislation in Pennsylvania. That legislation was heavily influenced by a report by the National Commission on State Workmen's Compensation Laws that was submitted to Congress and the President in July 1972. The report contained eighty-four recommendations for the improvement of state workmen's compensation laws, two of which involved the maintenance of negligence suits by injured employees against third party tortfeasors and the limited liability of employers. Recommendation 2.18 provided:

We recommend that workmen's compensation benefits be the exclusive liability of an employer when an employee is impaired or dies because of a work-related injury or disease.

Recommendation 2.19 provided:

We recommend that suits by employees against negligent third parties generally be permitted. Immunity from negligence actions should be extended to any third party performing the normal functions of the employer.

It is at once apparent that section 481(b) goes far beyond the immunity provided employers in these recommendations. Rather than making an employer's workmen's compensation liability his exclusive liability, section 481(b) indemnifies the employer. In *Hefferin, supra,* we said that our Legislature's intention was "to have the Pennsylvania Workmen's Compensation Law comply with as many of the essential recommendations [of the Commission] as possible," and that Recommendations 2.18 and 2.19 were essential. Yet these recommendations and the comments to them do not support our Legislature's enactment of section 481(b), so that once again we are left with a silent record as to why it was enacted.

strength of statutory language, in the framing of which the draftsmen had not the remotest trace of the present question in their minds. The legislature should face squarely the question whether the third party who happens to be so unfortunate as to get tangled up with a compensable injury should, so to speak, individually subsidize the compensation system by bearing alone a burden which normally he could shift to the employer.

Larson, *supra*, at 420 n. 68, *cited in* Weisgall, *supra* at 1050.

Moreover, "[t]oo often the only assurance that the state has thought about the issues is the judicial presumption that it has." Gunther, *The Supreme Court, 1971 Term—Foreword: In Search of Evolving Doctrine on a Changing Court: A Model for a New Equal Protection*, 86 Harv.L.Rev. 1, 44 (1972). When confronted with a discriminatory enactment, we should insist "that the presumed process corresponds to reality," and thereby "give greater content to the underlying premise for deferring to the state's resolution of the competing issues." *Id.*

It is true that if one is willing to speculate, one can hypothesize a reason for enacting section 481(b). For instance, in *Adamik v. Pullman Standard*, 439 F.Supp. 784, 786 (W.D.Pa.1977), where the constitutionality of section 481(b) under the United States Constitution was upheld,[3] the court said:

3. Of course, the fact that the federal courts have determined that section 481(b) does not contravene the fourteenth amendment of the federal Constitution does not mean that the provision does not violate Article I, section 11, of the Pennsylvania Constitution. Although there is a partial correlation between the provisions, Article I, section 11, specifically affirms that every person shall have a remedy by due course of law. Thus, when the Legislature abolishes a cause of action for a particular group of people while recognizing it for the public at large, and, as in this case, thereby creates an apparently unjust result, the degree of scrutiny exercised by this court in determining whether Article I, section 11, has been violated should be more exacting than the degree of scrutiny exercised by federal courts in determining whether the United States Constitution has been violated.

By rendering employers who are liable for compensation without regard to fault immune from the third party actions and by permitting them to recoup compensation benefits paid when the negligence of a third party has been a proximate cause of an employee's injuries the General Assembly intended to provide more certainty in administration of the benefit fund and more stability to the fund. Elimination of third party actions against employers permits employers and their insurers to better estimate compensation costs. It also prevents the uncertain drain on the benefit fund caused by employer contribution costs and legal defense expenses that had resulted from third party actions in the past. [Citation omitted.]

This statement of the Legislature's intention must be characterized as speculation, for nothing supports it. If we nevertheless accept it, still, there is no indication of any kind that section 481(b) would substantially further the achievement of either "more certainty in administration" or "more stability to the fund," or that the Legislature had any reason to believe that it would. There may be greater certainty that the employer will be subrogated to whatever recovery the injured employee obtains from a third party tortfeasor. However, if so, the question remains of why the Legislature would wish to achieve such certainty, since it is this very subrogation without any offsetting contribution that produces the discriminatory effects of section 481(b). In any event the employee must still prove the third party's negligence, and the uncertainty of that litigation and the costs arising from it still remains.[4]

4.  Moreover, should my analysis *supra* at 1250, 1251 be incorrect and the employer not be automatically subrogated to the employee's recovery, regardless of fault, then it is impossible for me to conceive even the *possibility* of any cost-savings from the passage of section 481(b). In such an event, the injured employee would have a financial incentive to resist the employer's subrogation claim at a second trial at which the employer's negligence would be in issue. Thus the employer's ultimate expenses might be greater than under the pre-481(b) system, where the third party's liability and the employer's subrogation rights could be established at a single trial.

The opinion in support of affirmance says that "it must be emphasized that [section 481(b)] does not absolutely preclude a third party from bringing an action against the employer for . . . contribution" since section 481(b) states that the right to contribution can be "expressly provided for in a written contract . . . [made] prior to the date of the occurrence which gave rise to the action." Opinion in support of affirmance slip opinion at 1244. What the opinion in support of affirmance ignores is that in many, if not in most, instances, the third party and the employer will not be in a contractual relationship; thus it will be impossible for the third party to protect himself. The third party's dilemma is easily perceived in cases such as *Socha v. Metz, supra, McIntyre v. Strausser, supra,* and *Maio v. Fahs, supra,* where the injured employee was involved in an automobile accident caused by the negligent driving of a second employee and a third party. The third party, being a stranger to the injured employee and his employer, had no opportunity to secure a contractual right of contribution. Indeed, the very inclusion of the exception clause in section 481(b) is for me additional proof that the Legislature failed to consider the consequences of the section, much less engage in a thorough consideration of the competing interests involved.[5]

**5.** *See also Carlson v. Smogard, supra* at 619, where the Minnesota Supreme Court held unconstitutional a provision that, like section 481(b), allowed a right of contribution if contracted for.

The practicality of such legislation may go unquestioned when viewed as a provision to establish efficient and fair rules applicable to the relationship most often involved in a third person's claim for indemnity against the employer whose injured employee sues the third party; i. e., the contractor-subcontractor relationship. There, two parties with substantially equal bargaining power are dealing in contractual situations in which injuries arise and indemnification is contemplated. But it is doubtful that a private party purchasing an automobile would envision demanding a written agreement from the dealership to provide indemnification. And even less practical is the idea that a dealer would so agree, as the bargaining power of the average consumer is less than commensurate with that of an organized business concern. The result would be that a common-law right of action will be abrogated without providing a reasonable substitute. No legitimate objective is fostered by preventing indemnification to a third-party tortfeasor from a negligent employer.

Finally, it is pertinent to note that a decision holding that section 481(b) is unconstitutional would not be inconsistent with prior case law. In *John W. Brown, Jr. Equipment Rental Corp. v. Dickey, supra,* the Supreme Court justified the limitation of the third party's right of contribution to the amount of the employer's workmen's compensation liability as a just and reasonable resolution of the conflicts created by the presence of two different compensation systems—the tort system and the workmen's compensation system. *See also Elston v. Industrial Lift Truck Co., supra,* 420 Pa. at 103 n. 3, 216 A.2d at 320 ("By limiting contribution Pennsylvania has been able to pursue its policy of requiring joint-tortfeasors to share the burden of their fault without dislocating its statutory compensation scheme."). Here there is no such adjustment of one system to another. Rather, an unjust enrichment is involved—a culpable employer completely escapes financial responsibility at the expense of the third party.

I should hold that section 481(b) violates Article I, section 11, of our Constitution, and reverse the order of the lower court.