**John T. DUBBS, Jr., Plaintiff,**

v.

**McCABE–POWERS BODY COMPANY, Defendant and Third Party Plaintiff,**

v.

**DYNEX–RIVETT, INC., Third Party Defendant.**

Civ. A. No. 79–939.

United States District Court, W. D. Pennsylvania.

Jan. 5, 1981.

**514**

Robert F. Schultz, Gilardi & Cooper, Pittsburgh, Pa., for plaintiff.

James Munro, Johnstown, Pa., for involuntary plaintiff.

Joseph S. D. Christof, II, Pittsburgh, Pa., for defendant and third party plaintiff.

James E. Kennedy, Pittsburgh, Pa., for third party defendant.

## MEMORANDUM

MARSH, District Judge.

In this diversity action, the plaintiff, John T. Dubbs, Jr., seeks damages for injuries he sustained in a work related accident which occurred on July 17, 1977. The plaintiff alleges that the defendant, McCabe-Powers Body Company (hereinafter McCabe) is liable because its negligence, strict liability and breach of warranty were the causes of the accident.

McCabe joined Dynex-Rivett, Inc. (hereinafter Dynex) as a third party defendant for indemnity.

Dynex presented a motion to join the plaintiff's employer, Pennsylvania Electric Company (hereinafter Penelec), as an involuntary plaintiff pursuant to Rule 19, Federal Rules of Civil Procedure; and in the alternative avers Penelec is a real party in interest and should be joined as an involuntary plaintiff pursuant to Rule 17, Federal Rules of Civil Procedure. See *Lipari v. Niagara Machinery and Tool Works et al.*, 87 F.R.D. 730 (W.D.Pa.1980).[1]

Dynex alleges that Penelec has paid to plaintiff workmen's compensation benefits and is asserting a right of subrogation for said benefits in this litigation.

Dynex avers that the employer, Penelec, acting through its employees, was the negligent cause of the accident which resulted in plaintiff's injuries.

Penelec by asserting its right to subrogation is claiming an interest related to the subject of this action which may be detrimental to Dynex, as an indemnitor.

Complete relief cannot be achieved among the named parties to this action unless it can be determined by a jury whether or not Penelec, the plaintiff's employer, was a negligent cause of the accident. Likewise, if negligence is proved on the part of McCabe, complete relief cannot be achieved pursuant to the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102, unless the percentage of negligence, if any, can be allocated by a jury among all parties and including plaintiff's employer, Penelec. Under the Comparative Negligence Act, all parties to the action have a right to know the percentage of negligence, if any, the jury attributes to the defendant, McCabe, to the plaintiff employee, and to the plaintiff's employer.

If the employer is found to be negligent and its negligence was a proximate cause of the accident, the employer's negligence would operate to bar any claim of the employer for subrogation. *Sheldon v. West Bend Equipment Corporation*, 502 F.Supp.

1. Previous motions by Dynex to join Penelec as a fourth party defendant were denied on the authority of *Hefferin v. Stempkowski*, 247 Pa. Super. 366, 372 A.2d 869 (1977); *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978); *Tsarnas v. Jones and Laughlin Steel Corp.*, 262 Pa.Super. 417, 396 A.2d 1241 (1978); affirmed, 488 Pa. 513, 412 A.2d 1094 (Pa.1980).

256 (W.D.Pa.1980) and the authorities cited therein.

Because of the subsequent enactment of the Pennsylvania Comparative Negligence Act, supra, two Pennsylvania Common Pleas Courts have permitted the joinder of the plaintiff's employer as a party defendant. In those cases it was emphasized that the Superior Court cases which barred the joinder of plaintiff's employer as a party defendant pursuant to the 1974 amendment to the Workmen's Compensation Act, 77 P.S. § 481(b) (see footnote 1) were not required to construe the effect of the subsequently enacted Comparative Negligence Act, supra, which provides for the determination by a jury of the pro rata negligence of the responsible parties, in one action, which of course, includes the plaintiff's employer. *Flack v. Calabrace, et al.*, Vol. LXII Westmoreland Law Journal 137 (C.P. Westmoreland 1980); *Yeagly v. Metropolitan Edison Company, et al.*, C.P. Lebanon County, May 13, 1980 at No. 3316 of 1979.

It is our opinion that the plaintiff's employer, Penelec, alleged by Dynex to be the negligent cause of the accident, should be joined as an involuntary plaintiff pursuant to Rule 19, Federal Rules of Civil Procedure.

An appropriate order will be entered granting the motion of Dynex.